IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**DETRIAWN R. WADE**                                                                 PETITIONER
ADC #137948

v.                    CASE NO.: 5:09CV00222 BD

**RAY HOBBS, Interim Director,**[1]
Arkansas Department of Correction                                                    RESPONDENT

## MEMORANDUM OPINION AND ORDER

Petitioner Detriawn Wade filed this pro se petition for writ of habeas corpus (docket entry #2) under 28 U.S.C. § 2254, challenging the extension and revocation of his probation and alleging ineffective assistance of counsel. Respondent filed a Response (#7) to the petition and Petitioner replied (#8). For the following reasons, the petition is DENIED and DISMISSED with prejudice.

**I.     Background:**

On February 12, 2001, Petitioner pled guilty in Crittenden County Circuit Court to carnal abuse in the third degree (docket entry #7-3). Petitioner was sentenced to three years of probation and was assessed fines. On April 29, 2004, the Crittenden County Circuit Court revoked Petitioner's probation and sentenced him to six years of probation and assessed additional fines (#7-4). Petitioner did not appeal either judgment.

---

[1] In the Petition (#2), Petitioner names Larry Norris as Respondent. Under Rule 2 of the Rules Governing § 2254 Cases in United States District Courts, the proper Respondent is the state officer who has custody of Petitioner. That officer is currently Ray Hobbs, Interim Director of the Arkansas Department of Correction. Accordingly, the Clerk is instructed to substitute Mr. Hobbs as the Respondent

On January 5, 2007, the Crittenden County Circuit Court revoked Petitioner's probation and sentenced him to six years of imprisonment (#7-5). After the revocation hearing, the trial court found that Petitioner had violated the conditions of his probation by failing to pay fines and by raping a thirteen-year-old girl. Petitioner appealed, arguing that: (1) the trial court erred in allowing the State to admit a fine and cost sheet into evidence;[2] (2) the evidence of willful failure to pay a fine was insufficient to revoke probation; (3) the evidence of rape was insufficient to revoke probation; (4) the trial court violated his Sixth Amendment right to confrontation by admitting a paternity report into evidence; and (5) the trial court erred by sustaining a hearsay objection. *Wade v. State*, No. CACR 07-615, 2008 WL 907634 (Ark.App., affirmed April 2, 2008).

On December 20, 2007, Petitioner filed a petition for writ of error coram nobis in Crittenden County Circuit Court (#7-8). The court denied the petition on June 5, 2008 (#7-8, p. 9-10).

On June 11, 2008, Petitioner filed a petition to correct an illegal sentence, which the Crittenden County Circuit Court denied on June 20, 2008 (#7-9). Petitioner then filed a petition for writ of habeas corpus in the Jefferson County Circuit Court on March 26, 2009. The court denied the petition on July 9, 2009 (#7-10). Petitioner did not appeal any of the denials of his post-conviction petitions.

---

[2] The Arkansas Court of Appeals found that Petitioner abandoned this argument. *Wade v. State*, No. CACR 07-615, 2008 WL 907634 (Ark.App. April 2, 2008).

Petitioner was convicted of raping a thirteen-year-old girl in a separate trial. *Wade v. State*, 2009 Ark.App. 346, 2009 WL 1151757 (April 29, 2009). He does not challenge this separate rape conviction in this petition. Instead, he challenges the revocation of his probation, which was based in part on his committing rape while on probation.

Petitioner filed this § 2254 petition for writ of habeas corpus claiming: (1) the Crittenden County Circuit Court should not have extended his probation on April 29, 2004; (2) the Crittenden County Circuit Court should not have revoked his probation on January 5, 2007; (3) he paid the fines and costs before the April 24, 2004 hearing, leaving no reason to extend probation; (4) the trial court should not have assessed an additional fine and costs on April 29, 2004; and (5) his counsel provided ineffective assistance during the appeal (#2, p. 4-5).

In response to the petition (#7), Respondent argues that Petitioner's claims are procedurally defaulted; that they concern alleged violations of state law, not violations of the Constitution, laws or treaties of the United States, as required by 28 U.S.C. § 2254; and that the claims lack merit. Petitioner replied to the response claiming that the trial court lost jurisdiction over his carnal abuse conviction (#8), and contends that he can raise a jurisdictional issue at any time and in any forum. He further contends that he properly exhausted state remedies by filing the state habeas petition in Jefferson County Circuit Court.

## II. Procedural Default:

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004); see also 28 U.S.C. § 2254(b) and (c). "[A] federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court." *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006) (citing *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir. 2006) and *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005)).

Claims raised in a federal habeas petition that were not presented in state court proceedings and for which there is no remaining state court remedy are defaulted, and a habeas petitioner's default will be excused only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991). If no cause has been shown, the prejudice element need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 502, 111 S.Ct. 1454, 1474 (1991).

In this case, Petitioner pled guilty to the charges that led to his original probation. Accordingly, he could not file a direct appeal after the February 12, 2001 sentence. See ARK. R. APP. P. CRIM. 1(a). During his April 29, 2004 revocation hearing, Petitioner contested the extension of his original probation and the assessment of additional fines.

However, Petitioner did not appeal the trial court's April 29, 2004 decision that he had violated the terms of his probation; nor did he appeal the extension of probation or the assessment of additional fines – three of the five grounds presented in this petition for federal habeas relief.[3]

A fourth ground for relief – that the trial court erred in revoking his probation in 2007 – is based entirely on the allegedly erroneous extension of his probation in 2004. According to Petitioner, had his probation not been wrongfully extended in 2004, he would not have been on probation in 2007, when he raped the thirteen-year-old, and he would not have been in a position to have his probation revoked. Ergo, the January 5, 2007 revocation was invalid, per Petitioner's argument. (#2, p. 4).

When Petitioner appealed the January 5, 2007 probation revocation, however, he failed to raise this issue. If the invalid extension of Petitioner's probation in 2004 was indeed the cause of his 2007 probation revocation, Petitioner should have raised this issue in his direct appeal of the 2007 revocation. See *Cross v. State*, 2009 Ark. 597, 2009 WL 4403244 (Dec. 3, 2009). He did not. Instead, Petitioner filed various post-conviction petitions.

---

[3] Grounds one, three, and four allege respectively that: the Crittenden County Circuit Court should not have extended Petitioner's probation on April 29, 2004; he paid the fines and costs before the April 24, 2004 hearing, leaving no reason to extend probation; and, the trial court should not have assessed an additional fine and costs on April 29, 2004 (#2, p. 4-5).

On December 20, 2007, Petitioner filed a petition for writ of error coram nobis in Crittenden County Circuit Court (#7-8). In the petition for writ, Petitioner contested the 2004 extension of his probation. This appears to be the first time Petitioner contested the 2004 extension, outside of the hearing where he objected to the revocation and extension of his probation. However, Petitioner relied exclusively on Arkansas law in that petition. The court denied the petition on June 5, 2008 (#7-8, p. 9-10), and Petitioner did not appeal.

On June 11, 2008, Petitioner filed a petition to correct an illegal sentence, contesting the April 2004 probation extension (#7-9). Petitioner again relied exclusively on Arkansas law in contesting the 2004 probation extension. The Crittenden County Circuit Court denied the petition on June 20, 2008. Petitioner did not appeal.

Petitioner filed a petition for writ of habeas corpus in the Jefferson County Circuit Court on March 26, 2009 (#7-10). He again challenged the 2004 probation extension and again relied solely on Arkansas law. He failed to allege a violation of the United States Constitution or of federal law. The court denied the petition on July 9, 2009. Petitioner did not appeal.

Petitioner's last ground for relief, ineffective assistance of counsel on appeal, was raised for the first time in the pending petition (#2, p. 5). He did not file any post-conviction petitions or appeals regarding this issue.

To properly exhaust state remedies, a petitioner must present "his or her claims through one complete round of the State's established appellate review process."

*Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387 (2006). Petitioner did not advance the pending grounds for relief in his appeal, although he did raise these claims in post-conviction petitions. To properly exhaust an available state post-conviction remedy, however, a petitioner still must "use the State's established appellate review procedures." *Armstrong v. Iowa*, 418 F.3d 924, 925-926 (8th Cir. 2005) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999)).

Petitioner did not properly exhaust any of the grounds for relief presented in the pending petition. Failure to properly exhaust a ground for relief results in procedural default, which generally precludes federal habeas review of the defaulted claim. *Woodford*, 548 U.S. at 92. Consequently, Petitioner's claims are procedurally defaulted unless he can establish "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

    A.    *Cause and Prejudice*

In reply to Respondent's procedural default argument, Plaintiff claims that the trial court lost jurisdiction over his probation for carnal abuse (#8). He argues that he may raise a jurisdictional issue at any time and in any forum. Regarding exhaustion, Petitioner states that he properly exhausted his state remedies by filing the state habeas petition in Jefferson County Circuit Court. He also alleges ineffective assistance of counsel on appeal (#2). None of these arguments, however, constitute cause.

Cause is established when "some objective factor external to the defense impede[s] counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986). In proceedings in which the Sixth Amendment requires legal representation, ineffective assistance of counsel can be cause for a procedural default. *Murray*, 477 U.S. at 488. A defendant is not, however, constitutionally entitled to assistance of counsel in state post-conviction proceedings. See *Coleman*, 501 U.S. at 752. Consequently, any post-conviction advice Petitioner received from his attorney cannot constitute cause for a procedural default. See *Armstrong*, 418 F.3d at 927 (citing *Nolan v. Armantrout*, 973 F.2d 615, 617 (8th Cir. 1992)).

Further, a claim of ineffective assistance must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. *Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009) (quoting *Taylor v. Bowersox*, 329 F.3d 963, 971 (8th Cir. 2003)). In this case, Petitioner raised ineffective assistance of counsel for the first time in the pending petition. Accordingly, ineffective assistance of counsel cannot be cause for Petitioner's procedural default.

Petitioner asserts that he exhausted his state remedies by filing the state petition for writ of habeas corpus. However, he did not properly exhaust. See *Armstrong*, 418 F.3d at 925-926 (petitioner must use the State's established appellate review procedures to properly exhaust an available state post-conviction remedy).

Petitioner raised a jurisdictional argument in his post-conviction petitions. He felt it redundant, however, to appeal his post-conviction petitions to the same court that

8

denied his direct appeal (#2, p. 3).  While Petitioner correctly contends that he cannot waive lack of jurisdiction, he incorrectly assumes that he can raise the issue in any forum, at any time.  "Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law." *Beaulieu*, 583 F.3d at 574 (quoting *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir.1994)).  A jurisdictional claim does not preclude a finding of procedural default.  *Beaulieu*, 583 F.3d at 574.  Accordingly, Petitioner procedurally defaulted this claim.  Because Petitioner has not established cause for his default, the Court will not address prejudice.

      B.      *Miscarriage of Justice*

Petitioner may overcome procedural default by showing that failure to hear his petition would result in a miscarriage of justice.  To establish a miscarriage of justice, a petitioner must show that, based on new evidence, a constitutional violation has resulted in the conviction of someone who is actually innocent.  *Cagel v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851 (1995)).  Petitioner has not come forward with any evidence of actual innocence.  He pled guilty to carnal abuse and in a later trial was found guilty of raping of a minor.  Technical violations of state law, as alleged by Petitioner, do not evidence actual innocence.  Accordingly, Petitioner has failed to overcome his procedural default.

### III.  Conclusion:

Petitioner procedurally defaulted the claims he brings in the pending petition. Accordingly, Detriawn R. Wade's Petition for Writ of Habeas Corpus (#2) is DENIED and DISMISSED with prejudice.

IT IS SO ORDERED this 7th day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE