# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**DETRIAWN R. WADE**                                                                                                    **PETITIONER**
ADC #137948

v.                           CASE NO.: 5:09CV00222 BD

**RAY HOBBS, Interim Director,**
**Arkansas Department of Correction**                                                        **RESPONDENT**

### ORDER

On April 7, 2010, this Court denied Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254.  Now pending are Petitioner's motion for certificate of appealability ("COA") (docket entry #14),[1] motion for leave to appeal *in forma pauperis* (#14 and #15),[2] and motion to appoint counsel on appeal (#15).  For the following reasons, these motions are DENIED.

Title 28 U.S.C. § 2253 limits the right of appeal in habeas corpus proceedings when the petitioner's detention arises out of process issued by a State court.  28 U.S.C. § 2253(c)(1)(A);  *Slack v. McDaniel,* 529 U.S. 473, 482, 120 S.Ct. 1595, 1603 (2000).  The Court may issue a COA only if a petitioner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Court of Appeals for the Eighth Circuit has held this to be a "modest standard."  *Randolph v. Kemna*, 276 F.3d

---

[1] The motion for certificate of appealability is part of Petitioner's notice of appeal (#14).

[2] Petitioner requests leave to appeal *in forma pauperis* in both his notice of appeal (#14) and his motion to appoint counsel on appeal (#15).

401, 403 n. 1 (8th Cir. 2002) (quoting *Charles v. Hickman*, 228 F.3d 981, 982 n. 1 (9th Cir. 2000)).

In this case, the Petitioner has not made a substantial showing and, in fact, has not made even a modest showing, that he was deprived of a Constitutional right. The Court did not reach the merits of his petition because he procedurally defaulted his claims (#11). He did not address the issue of procedural default in his Motion for COA. Because Petitioner has failed to present a basis for the Court to issue a certificate of appealability, his motion for certificate of appealability (#14) is denied.

Petitioner requests *in forma pauperis* status on appeal in both his notice of appeal and in his motion to appoint counsel on appeal (#14 and #15). However, he did not submit documentation required by 28 U.S.C. § 1915, to qualify for *in forma pauperis* status. Accordingly, Petitioner's requests to proceed *in forma pauperis* are denied.

Regarding appointment of counsel, there is neither a constitutional nor statutory right to counsel in habeas proceedings. Instead, the decision to appoint counsel is committed to the discretion of the trial court. *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000); *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); see also Rule 8(c), Rules Governing § 2254 Cases in United States District Courts; 18 U.S.C. § 3006A(a)(2) ("counsel may be appointed when the interests of justice so require"). Appointing counsel in this appeal would not further the interests of justice. Accordingly, Petitioner's motion to appoint counsel on appeal (#15) is denied.

IT IS SO ORDERED, this 3rd day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE